PRESENT:  Hassell, C.J., Keenan, Koontz, Lemons, Agee,[*] and Goodwyn, JJ., and Russell, S.J.


VIRGINIA CELLULAR LLC

v.        Record No. 071895                OPINION BY
                                    JUSTICE S. BERNARD GOODWYN
VIRGINIA DEPARTMENT OF TAXATION         September 12, 2008

         FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                  Margaret P. Spencer, Judge

    In this appeal, we consider whether the minimum tax imposed upon telecommunications companies pursuant to Code § 58.1-400.1 is applicable to noncorporate telecommunications companies.

    The Virginia Department of Taxation (the "Department") determined that Virginia Cellular LLC ("Virginia Cellular"), a limited liability company, was subject to the minimum tax imposed upon telecommunications companies pursuant to Code § 58.1-400.1.  Virginia Cellular filed an administrative appeal of the Department's determination with the Tax Commissioner pursuant to Code § 58.1-1821.  The Tax Commissioner upheld the Department's assessment against Virginia Cellular.  Pursuant to Code § 58.1-1825(D), Virginia Cellular subsequently filed an application for relief with the Circuit Court of the City of Richmond.  The

---

[*] Justice Agee participated in the hearing and decision of this case prior to his retirement from the Court on June 30, 2008.

circuit court found that the minimum tax applied to Virginia Cellular. Virginia Cellular appeals.

FACTS

Virginia Cellular is a telecommunications company with a limited liability company business structure. During the years 2001, 2002, 2003, and 2004, Virginia Cellular filed a Virginia Telecommunications Companies Minimum Tax and Credit Schedule, Form 500-T. Based upon its status as a pass-through tax entity, Virginia Cellular did not, however, report any tax liability under Code § 58.1-400.1, claiming an exemption from that minimum tax.

The Department performed an audit of Virginia Cellular's returns and concluded that Virginia Cellular was subject to the minimum tax imposed by Code § 58.1-400.1. The Department assessed Virginia Cellular with the minimum tax, along with penalties and interest, for all four years.

Challenging the applicability of the minimum tax imposed by Code § 58.1-400.1 to pass-through entities such as itself, Virginia Cellular filed an administrative appeal with the Tax Commissioner. The Tax Commissioner upheld the Department's tax assessment, finding that pursuant to 23 VAC § 10-120-89, a regulation promulgated by the Department, Code § 58.1-400.1 imposes a minimum tax on all

2

telecommunications companies, corporations and pass-through tax entities alike.

Virginia Cellular filed an "Application for Correction of Erroneous Assessment on Telecommunications Companies" in the Circuit Court of the City of Richmond. In the circuit court proceedings, Virginia Cellular and the Department agreed that, during the relevant time period, Virginia Cellular was a telecommunications company as defined by Code § 58.1-400.1(D) and that it was not a corporation, but rather a limited liability company taxed as a partnership and pass-through entity pursuant to Virginia income taxation laws. Because there were no facts in dispute and the issues were purely legal, the parties agreed to resolve the matter by summary judgment.

After hearing argument on the motion for summary judgment, the circuit court found that "[t]he minimum tax provision [was] applicable to all telecommunications companies, whether such telecommunications companies are corporations or limited liability companies taxed as partnerships or pass-through entities." Additionally, the circuit court found that "[t]he Department's regulation, 23 VAC § 10-120-89 (2006), [was] valid."

3

ANALYSIS

Virginia Cellular argues that the plain meaning of Code § 58.1-400.1 is that pass-through entities are not subject to the minimum tax on telecommunications companies imposed pursuant to Code § 58.1-400.1. It further contends that 23 VAC § 10-120-89 is invalid because it is contrary to the plain language of Code § 58.1-400.1 and thus is "plainly inconsistent with applicable provisions of law," empowering the court to invalidate the provision under Code § 58.1-205. We agree.

Because statutory interpretation presents a pure question of law, it is subject to de novo review by this Court. Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003). It is the Court's duty to construe the law as written in the Virginia Code. Hampton Roads Sanitation Dist. Comm'n v. City of Chesapeake, 218 Va. 696, 702, 240 S.E.2d 819, 823 (1978). When interpreting statutes, courts "ascertain and give effect to the intention of the legislature." Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003). That intent is usually self-evident from the words used in the statute. See id. Therefore, courts must apply the plain language of a statute unless the terms are ambiguous or applying the plain language

4

would lead to an absurdity.  Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006).

The General Assembly has established the framework for assessing and collecting taxes in Virginia through the enactment of Title 58.1 of the Code of Virginia ("Tax Code"). Chapter 3 of Title 58.1 addresses the manner in which income of various entities may be taxed by the Commonwealth ("Chapter 3" or "Income Tax Code").  Chapter 3, through distinct statutory articles, identifies a variety of entities subject to income tax, including but not limited to individuals (Code §§ 58.1-320 through 58.1-326 ("Article 2")), partnerships/pass-through entities (Code §§ 58.1-390 through 58.1-395 ("Article 9")), and corporations (Code §§ 58.1-400 through 58.1-421 ("Article 10")).

Code § 58.1-400, contained in Article 10, states as follows:

> A tax at the rate of six percent is hereby annually imposed on the Virginia taxable income for each taxable year of every corporation organized under the laws of the Commonwealth and every foreign corporation having income from Virginia sources.

Code § 58.1-400.1(A), also contained in Article 10, states the following:

> A telecommunications company shall be subject to a minimum tax, instead of the corporate income tax imposed by § 58.1-400, at the applicable rate on its gross receipts for the calendar year which

ends during the taxable year if the tax imposed by § 58.1-400 is less than the minimum tax imposed by this section.

The Department promulgated a regulation, 23 VAC § 10-120-89, related to the interpretation and enforcement of Code § 58.1-400.1; 23 VAC § 10-120-89 states the following:

Unless specifically exempt under § 58.1-401 of the *Code of Virginia*, every telecommunications company certified as such by the SCC is subject to the minimum tax even though it may be exempt from, or not subject to, the corporate income tax under § 58.1-400 of the *Code of Virginia*.

Code § 58.1-400 and Code § 58.1-400.1 are contained in Article 10 of Chapter 3 in Title 58.1. Article 10 is entitled, "Taxation of Corporations." The income tax imposed by Code § 58.1-400 is an income tax for corporations only; it is not an income tax on partnerships or pass-through entities. Code § 58.1-400.1 states that telecommunications companies shall be subject to a minimum tax *instead of* the corporate tax imposed by Code § 58.1-400; the minimum tax imposed by Code § 58.1-400.1 must be calculated in relation to and as an alternative to the regular corporate income tax imposed by Code § 58.1-400. Because the minimum tax is to be paid *instead of* the corporate tax, it is implied that the minimum tax imposed by Code § 58.1-400.1 only applies to corporations. Reading Code §§ 58.1-400 and 58.1-400.1 together, the plain language of those statutes indicates that

6

the minimum tax was not intended to apply to entities such as Virginia Cellular, which are not required to pay a corporate tax.

A construction of Code § 58.1-400.1 as imposing a tax upon pass-through entities would conflict with Code § 58.1-390.2. Code § 58.1-390.2, contained in Article 9, provides:

> Except as provided for in this article, owners of pass-through entities shall be liable for tax under this chapter only in their separate or individual capacities.

Courts employ rules of statutory construction when the plain language of two or more statutes conflict. See, e.g., Wertz v. Grubbs, 245 Va. 67, 70, 425 S.E.2d 500, 501 (1993). Whenever "a given controversy involves a number of related statutes, they should be read and construed together in order to give full meaning, force, and effect to each." Ainslie, 265 Va. at 353, 577 S.E.2d at 249; see also Ragan v. Woodcroft Village Apts., 255 Va. 322, 325, 497 S.E.2d 740, 742 (1998) (statutes will be accorded "a meaning that does not conflict with any other statute").

Code § 58.1-390.2 clearly states that the Department may only tax the owners of a pass-through entity in a manner consistent with Article 9. The minimum tax imposed by Code § 58.1-400.1 is located within Article 10, not within Article 9. Nothing in Article 9 mentions the minimum tax, and

7

nothing in Code § 58.1-400.1 specifically applies the minimum tax to noncorporate telecommunications companies. Thus, even if Code § 58.1-400.1 were ambiguous concerning its applicability to telecommunications companies organized as pass-through entities, harmonizing Code § 58.1-390.2 with Code § 58.1-400.1 dictates excluding pass-through telecommunications companies such as Virginia Cellular from the minimum tax. We hold that the trial court erred in finding that the tax imposed by Code § 58.1-400.1 is applicable to all telecommunications companies whether such companies are corporations or pass-through entities.

If the language of a statute is clear and unambiguous, this Court will not sustain a regulatory interpretation that is inconsistent with the statute. General Motors Corp. v. Dep't of Taxation, 268 Va. 289, 293, 602 S.E.2d 123, 125 (2004). Code § 58.1-205 states that this Court should sustain regulations unless those regulations are unreasonable or plainly inconsistent with applicable provisions of the law. We hold that 23 VAC § 10-120-89 is inconsistent with Code § 58.1-400.1 to the extent that it imposes the minimum tax provided for under Code § 58.1-400.1 upon pass-through entities. Therefore, the circuit court erred in upholding the validity of 23 VAC § 10-120-89.

For the foregoing reasons, we reverse the judgment of the trial court and enter final judgment for Virginia Cellular LLC.

<u>Reversed and final judgment.</u>