# CIRCUIT COURT OF ROANOKE COUNTY

Riley E. Meador, II

v.

Teresa Moran Cray

Case No. CL03000451-00-00

Riley E. Meador, II

v.

Teresa M. Croy

Case No. CL03000460-00

Julie M. Meador,
Administratrix
of the Estate of
Riley E. Meador, II,
deceased

v.

Teresa M. Croy

Case No. CL07000071-00

Riley E. Meador, II

v.

Teresa Moran Cray,
a/k/a Teresa Moran Croy

Case No. CL07000205-00

September 15, 2009

BY JUDGE CHARLES N. DORSEY

For the reasons stated, the defendant's Special Plea of the Statute of Limitations is overruled and the defendant's Motion to Dismiss is denied in case number CL07000071; the plaintiff's Motion for Substitution is denied and the defendant's Demurrer and Objection to the Order of Substitution are sustained in case number CL07000205; and the plaintiff's Requests for Reinstatement of Case are denied in case numbers CL03000451 and CL03000460..

*Facts*

On December 2, 2003, Riley Meador filed a Complaint (the "First Complaint") Case No. CL03000451 (the "First Action"), in the Roanoke County Circuit Court against Teresa Cray, alleging personal injury from a motor vehicle accident caused by Cray's negligence on December 14, 2001. First Compl. 3. Shortly thereafter, on December 9, 2003, Riley Meador filed a new Complaint (the "Second Complaint") Case No. CL03000460 (the "Second Action"), against Teresa Croy, changing the "a" in the defendant's last name in the First Complaint to an "o." The defendant's correct name is Croy, as captioned in the Second Action.

Almost one year later, while these actions were pending and in the stages of discovery, Riley Meador died intestate on November 20, 2004, due to a self-inflicted gunshot wound,[1] not as the result of any injury from the

---

[1] Def.'s Suggestion Pursuant to Va. Code § 8.01-18 (filed on December 1, 2004, in the Second Action, Case No. CL03000460); Def.'s Special Plea of the Statute of Limitations and Mot. to Dismiss ¶ 3 (filed on February 9, 2007, in the Third Action, Case No. CL07000071).

alleged motor vehicle accident. On December 1, 2004, the defendant filed a suggestion of the plaintiff's death pursuant to Va. Code § 8.01-18. On December 13, 2004, Julie Meador qualified as the Administratrix of the Estate of Riley Meador, deceased. Pl.'s Mot. for Substitution, Ex. A (filed on February 22, 2007, in the Fourth Action, Case No. CL07000205). About a year and a half after her qualification, on May 10, 2006, the defendant filed a Motion to Discontinue pursuant to Va. Code § 8.01-18 due to the plaintiff's failure to substitute the personal representative as the party plaintiff within a reasonable time. At the same time, the defendant also filed a Motion to Dismiss pursuant to Rule 4:12(b)(2) due to the plaintiff's failure to fully comply with a July 23, 2004, Order granting the defendant's Motion to Compel Discovery, which required the plaintiff to answer all of the defendant's submitted interrogatories and to produce all requested documents by August 9, 2004.

The Court did not rule on the defendant's two motions. Instead, without substituting the plaintiff's personal representative as the party plaintiff, the Court entered an order on July 24, 2006, in the Second Action granting the plaintiff's motion for nonsuit without prejudice pursuant to Va. Code § 8.01-380. Va. Code § 8.01-380(B) states in part, "Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right." The Court then entered a similar Order of Nonsuit on September 27, 2006, in the First Action. Both Orders of Nonsuit were seen and agreed to without objection by the defendant.

On January 19, 2007, just short of six months after the July 24, 2006, Order of Nonsuit in the Second Action, the plaintiff's personal representative, Julie Meador, Administratrix for the Estate of Riley Meador, deceased, filed a Complaint (the "Third Complaint") Case No. CL07000071 (the "Third Action"), against Teresa Croy for the same cause of action that was the basis of the Second Complaint. On February 9, 2007, the defendant filed a Special Plea of the Statute of Limitations and a Motion to Dismiss in the Third Action.

On February 22, 2007, within six months of the September 27, 2006, Order of Nonsuit in the First Action, another Complaint (the "Fourth Complaint") Case No. CL07000205 (the "Fourth Action"), was filed in the name of Riley Meador, who was deceased, against "Teresa Moran Cray, a/k/a Teresa Moran Croy" for the same cause of action that was the basis of the First Complaint. Along with the Fourth Complaint, the plaintiff filed a Motion for Substitution of the plaintiff's personal representative as the party plaintiff, a proposed Order of Substitution for the same, and an Amended Complaint (the "Amended Fourth Complaint") naming the personal representative as the party plaintiff instead of Riley Meador. The plaintiff gave instructions to the Clerk

not to serve the original Fourth Complaint, but instead to serve the Amended Fourth Complaint upon entry of the proposed Order of Substitution. This Court did not enter the proposed Order of Substitution and notified the opposing counsel of the filings by copy of a letter to the plaintiff dated February 23, 2007, which required the plaintiff to give notice to opposing counsel prior to an entry of the proposed Order of Substitution. On March 13, 2007, the defendant filed a Demurrer to the Fourth Complaint, and then on March 21, 2007, filed an Objection to the Order of Substitution in the Fourth Action.

Although the First and Second Actions had not been discontinued by order of the Court under Va. Code § 8.01-335, the plaintiff filed a Notice of Plaintiff's Request for Reinstatement of Case pursuant to Va. Code § 8.01-335 and paid a reinstatement fee for each action on April 2, 2007.

*Analysis*

A. *The Third Action, Julie M. Meador, Administratrix of the Estate of Riley E. Meador, II, deceased v. Teresa Moran Croy, Case No. CL07000071, filed January 19, 2007*

Riley Meador, the original plaintiff and allegedly injured party in this matter, was a proper plaintiff with standing to bring the First and Second Actions. Riley Meador died while those two personal injury actions were pending in this Court. Riley Meador's death did not end those actions, because Va. Code § 8.01-25 provides that "[e]very cause of action whether legal or equitable, which is cognizable in the Commonwealth of Virginia, shall survive . . . the death of the person in whose favor the cause of action existed."

Once a plaintiff dies with a suit pending, his personal representative may move to be substituted as a party plaintiff and continue the suit. Rule 3:17 of the Rules of Supreme Court of Virginia states in part that, "[i]f a person becomes incapable of prosecuting or defending because of death . . . a successor in interest may be substituted as a party in such person's place," and "[s]ubstitution shall be made on motion of the successor or of any party to the suit." Pursuant to Va. Code § 8.01-18, if no such motion for substitution is made "within a reasonable time after there may have been a suggestion on the record of the fact making such motion proper, the suit of such plaintiff . . . shall be discontinued, unless good cause be shown to the contrary."

Though the defendant made a Motion to Discontinue pursuant to Va. Code § 8.01-18 in the First and Second Actions, this Court never granted the defendant's motion. Instead, upon motion by the plaintiff, the Court entered

Orders of Nonsuit in the First and Second Actions. The Orders state that the plaintiff's motion "that an Order of Nonsuit be entered herein *pursuant to § 8.01-380, Code of Virginia (1950), as amended* . . . is granted." Order of Nonsuit (entered September 27, 2006, in the First Action, Case No. CL03000451) (emphasis added); Order of Nonsuit (entered September 24, 2006, in the Second Action, Case No. CL03000460) (emphasis added). The Orders of Nonsuit also show that the defendant did not object to the plaintiff's motions for nonsuit or to the Court's Orders of Nonsuit and the defendant endorsed the Orders under the heading "seen and agreed." *Id.*

When an action is nonsuited pursuant to Va. Code § 8.01-380, Va. Code § 8.01-229(E)(3) provides a plaintiff with either the original period of limitations or six months from the date of the order of nonsuit, whichever is longer, in which to recommence the action. Riley Meador's personal representative, Julie Meador, recommenced the Second Action against Teresa Croy (the Third Action) within six months of the Order of Nonsuit in the Second Action.

The defendant contends that the Third Action is barred by the statute of limitations because a voluntary nonsuit pursuant to Va. Code § 8.01-380 could not have been granted to a deceased plaintiff without having first substituted his personal representative as the party plaintiff. Accordingly, the plaintiff's personal representative could not have been given the six-month recommencement period provided by Va. Code § 8.01-229(E)(3) for the nonsuited action.

However, Va. Code § 8.01-229(B)(1) necessarily implies that an action can be voluntarily nonsuited pursuant to Va. Code § 8.01-380 when a plaintiff is deceased and when his personal representative has not been substituted as the party plaintiff. Va. Code § 8.01-229(B)(1)[2] applies when "a person entitled to bring a personal action dies *with no such action pending*" (emphasis added); however, this does not mean that the action could never have been pending. The statute specifically allows a personal representative to recommence a decedent's personal action in the six-month period provided by Va. Code § 8.01-229(E)(3), which is only given following a nonsuit pursuant

---

[2] Va. Code § 8.01-229(E)(3) states "If a person entitled to bring a personal action dies with no such action pending before the expiration of the limitation period for commencement thereof, then an action may be commenced by the decedent's personal representative before the expiration of the limitation period including the limitation period as provided by subdivision E 3 or within one year after his qualification as personal representative, whichever occurs later."

to Va. Code § 8.01-380. In that case, therefore, an action must have been pending at one time while the decedent was living. Thus, the statute provides a personal representative with the ability to either *commence* a decedent's personal action that had never been filed, or to *recommence* a currently non-pending action that had been filed and nonsuited by the decedent, which the personal representative could not seemingly otherwise recommence directly through Va. Code § 8.01-229(E)(3).

In recommencing a nonsuited action under Va. Code § 8.01-229(B)(1), a personal representative can do so either "before the expiration of the limitation period including the [six-month] limitation period [following a nonsuit pursuant to Va. Code § 8.01-380] as provided by subdivision E 3 *or* within one year after his qualification as personal representative, *whichever occurs later.*" (Emphasis added.) In order for the expiration of "the [*six-month*] limitation period [following a nonsuit pursuant to Va. Code § 8.01-380] as provided by subdivision E 3" to possibly occur *later than "one year* after his qualification as personal representative," this time provision must necessarily contemplate and allow for the possibility that a plaintiff will die while his action is pending, that the plaintiff's personal representative will qualify while the action is still pending, that the action will be voluntarily nonsuited pursuant to Va. Code § 8.01-380 in the name of the deceased plaintiff more than six months after the personal representative qualifies and without substituting the personal representative as the party plaintiff, and that the personal representative will recommence the nonsuited action more than one year after his qualification as personal representative but within six months from the date of the order of nonsuit. Indeed, those are the facts of this case.

If that possibility were not so, then the time provision of Va. Code § 8.01-229(B)(1) in which the decedent's personal representative may commence an action would lose part of its meaning. If, as the defendant contends, the six-month recommencement period provided by Va. Code § 8.01-229(E)(3) would not apply through Va. Code § 8.01-229(B)(1) to a personal representative who qualified but had not been substituted as the party plaintiff before the date of an order of nonsuit, then the end of "the [six-month] limitation period [after nonsuit] as provided by subdivision E 3" could *never* occur later than "one year after his qualification as personal representative." Thus, the phrase "including the limitation period as provided by subdivision E 3" would be rendered meaningless and ineffective, which is a statutory interpretation that the Court must avoid. *See Virginia Cellular, L.L.C. v. Virginia Dep't of Taxation*, 276 Va. 486, 490, 666 S.E.2d 374, 376 (2008) ("When interpreting statutes, courts ascertain and give effect to the

intention of the legislature. That intent is usually self-evident from the words used in the statute. Therefore, courts must apply the plain language of a statute unless the terms are ambiguous or applying the plain language would lead to an absurdity." (internal quotation marks and citations omitted)).

Neither Va. Code § 8.01-18 nor Va. Code § 8.01-380 forbids a deceased plaintiff from taking a voluntary nonsuit pursuant to Va. Code § 8.01-380 prior to substitution of his personal representative as party plaintiff. The only potential statutory conflict comes from Va. Code § 8.01-229(B)(1) itself. Under such a situation as the one here where an action is nonsuited after the plaintiff's death, the decedent did not die "with no such action pending," but instead died while an action was in fact pending but was then nonsuited and thus became no longer pending after the plaintiff's death. However, the intent of the legislature here seems to be to preserve a decedent's claim after his death by allowing his personal representative to commence or recommence a personal action that the decedent was entitled to bring. In order to give "full meaning, force, and effect" to the time provision of Va. Code § 8.01-229(B)(1),[3] the recommencement option allowed by the necessary implication of the time provision must be given to a personal representative in addition to allowing the personal representative to commence or recommence a decedent's action when the decedent dies with no such action pending. This interpretation does not create a contradiction within the statute, since the statute does not say something like, "*Only when* a person . . . dies with no such action pending . . ." but merely says, "*If* a person . . . dies with no such action pending. . . ." Thus, this additional option for recommencing the personal action of a decedent should not be barred by restricting when a personal representative can commence an action to situations only where a person dies with no such action pending, because such a restriction would take away part of the meaning and effect of the time provision. Therefore, since there is no statutory conflict with this necessary implication, "full meaning, force, and effect" must be given to the time provision in Va. Code § 8.01-229(B)(1).

Once the Second Action in this case was voluntarily nonsuited pursuant to Va. Code § 8.01-380, Riley Meador became "a person entitled to bring a personal action" pursuant to Va. Code § 8.01-229(E)(3) who had "no such action pending." Under the time provision of Va. Code § 8.01-229(B)(1) then,

---

[3] *See id.* at 492, 666 S.E.2d at 377 ("Whenever a given controversy involves a number of related statutes, they should be read and construed together in order to give full meaning, force, and effect to each." (internal quotation marks and citations omitted)).

Julie Meador, Riley Meador's personal representative, had a right to recommence the nonsuited action within the six-month limitation period provided by Va. Code § 8.01-229(E)(3), as she did here.

Because the Court is permitted, as necessarily implied by the time provision of Va. Code § 8.01-229(B)(1), to enter an order of nonsuit pursuant to Va. Code § 8.01-380 after a plaintiff dies and without substitution of his personal representative, the Court's Orders of Nonsuit in the First and Second Actions are not void, and thus the defendant's collateral attack on the Orders of Nonsuit through a plea of the statute of limitations in the Third Action must fail. *See Hicks v. Mellis*, 275 Va. 213, 220-21, 657 S.E.2d 142, 146 (2008) (holding that an order can only be collaterally attacked in a separate action if the order was void *ab initio* due to the issuing court lacking jurisdiction to enter the order). If the Orders had been improper or voidable, then the defendant should have objected to the Orders of Nonsuit in the First and Second Actions rather than attacking them now in the collateral Third and Fourth Actions. *See id.* If the Orders of Nonsuit had been void,[4] then the First and Second Actions would still be pending, and the personal representative would be able to proceed in those actions by now substituting herself as the party plaintiff. Either way, the ultimate outcome would not be different for the defendant, because either the First and Second Actions or the Third Action would be permitted to proceed. The outcome cannot be, as the defendant argues, that the Court's explicit Orders of Nonsuit pursuant to Va. Code § 8.01-380 were effective to simply dismiss the case without providing the recommencement period granted in Va. Code § 8.01-229(B)(1) and (E)(3), thus barring the Third Action by the statute of limitations and making the plaintiff unable to proceed with her claim.

The defendant is not unfairly prejudiced by this outcome. The defendant, having seen and agreed to this Court's Orders of Nonsuit, should have expected the possibility that the personal representative would recommence the actions pursuant to Va. Code § 8.01-229(B)(1) and (E)(3) within six months of the date of the orders of nonsuit. Further, no advantage was gained by taking a nonsuit without first substituting the personal representative as the party plaintiff, since the personal representative could still have taken a voluntary nonsuit as a matter of right pursuant to Va. Code

---

[4] *See Schoenwetter v. Schoenwetter*, 8 Va. App. 601, 604, 383 S.E.2d 28, 30 (1989) ("A decree or order is void if the character of the judgment was beyond the power of the court to render, or if the mode of procedure employed by the court was not one that it could lawfully use.").

§ 8.01-380 after having been substituted as the party plaintiff. The plaintiff, on the other hand, would be unfairly prejudiced were she to be denied the right to recommence the nonsuited action after the Court entered an Order of Nonsuit pursuant to Va. Code § 8.01-380 without any objection from the defendant.

In *Clark v. Butler Aviation — Washington National, Inc.*, the Supreme Court of Virginia said that a plaintiff who voluntarily nonsuited an action under Va. Code § 8.01-380 "had 'a justifiable expectation'. . . that he would be entitled to the benefit of the six-month period allowed by Va. Code § 8.01-229(E)(3) in which to recommence his action." *Clark v. Butler Aviation — Washington National, Inc.*, 238 Va. 506, 512, n. 5, 385 S.E.2d 847, 850, n. 5 (1989). The plaintiff's justifiable expectation in that case was given priority over any expectation the defendant might have had in its right to assert a defense based on the statute of limitations and not having been served process in time. *Id.* If the six-month recommencement period following a voluntary nonsuit is not given to the plaintiff here, then, as would have been the case in *Clark*, the "nonsuit would be ineffective except to bring an end to th[e] action, the running of the statute of limitations would continue unabated, and the plaintiff's recommenced action would be barred." *Id.* at 511, 385 S.E.2d at 849. Such an outcome would unfairly prejudice the plaintiff.

Because the filing of the Third Complaint on January 19, 2007, by Riley Meador's personal representative occurred within six months of the July 24, 2006, Order of Nonsuit in the Second Action, the Third Action was properly recommenced within the limitation period provided by Va. Code § 8.01-229(B)(1) and (E)(3) and is not barred by the statute of limitations. Therefore, the defendant's Special Plea of the Statute of Limitations is overruled and the defendant's Motion to Dismiss the Third Action is denied.

B. *The Fourth Action, Riley E. Meador, II v. Teresa Moran Cray, a/k/a Teresa Moran Croy, Case No. CL07000205, filed February 22, 2007*

The Fourth Action was recommenced, following the nonsuit of the First Action, in the name of Riley Meador, who was deceased at the time of filing the Fourth Complaint. The defendant argues that "an action by a dead person without the appointment of a personal representative is a nullity." *Janakiev v. Robertson*, 34 Va. Cir. 523, 524 (Winchester 1991). Indeed, "[s]uits must be *brought* by persons who are alive, either in their own right or in some representative capacity." *Williams' Adm'r v. Dean*, 144 Va. 831, 840, 131 S.E. 1, 3 (1925) (emphasis added). This defect cannot be cured by substituting a party with standing, because "a new plaintiff may not be substituted for an original plaintiff who lacked standing to bring the suit." *Harmon v. Sadjadi*,

273 Va. 184, 193, 639 S.E.2d 294, 299 (2007). Therefore, in order to be valid, the action would have had to have been brought in the name of Riley Meador's personal representative, as the Third Action was. Thus, the defendant's Demurrer to the Fourth Action and the defendant's Objection to the Order of Substitution in the Fourth Action are sustained, and the Fourth Action is dismissed with prejudice and the plaintiff's Motion for Substitution is denied.

C. *The First and Second Actions, Riley E. Meador, II v. Teresa Moran Cray, Case No. CL03000451, filed December 2, 2003; Riley E. Meador, II v. Teresa M. Croy, Case No. CL03000460, filed December 9, 2003*

The plaintiff's attempt to reinstate the First and Second Actions is of no effect because those two actions were not discontinued under Va. Code § 8.01-335. Therefore, the First and Second Actions have not been and are not able to be reinstated under Va. Code § 8.01-335.

## Conclusion

The plaintiff's First and Second Actions have been voluntarily nonsuited pursuant to Va. Code § 8.01-380 and cannot be reinstated pursuant to Va. Code § 8.01-335. Thus, the First and Second Actions are no longer pending. The plaintiff's Fourth Action is a nullity and is, therefore, dismissed. The plaintiff's Third Action will be allowed to proceed.