Present: Kinser, C.J., Lemons, Goodwyn, Millette, and Mims, JJ., and Russell and Lacy, S.JJ.

LEVEL 3 COMMUNICATIONS, LLC

                                        OPINION BY
v.      Record Nos. 102043,       JUSTICE S. BERNARD GOODWYN
        102044, 102045, and 102046      June 9, 2011

STATE CORPORATION COMMISSION, ET AL.

                FROM THE STATE CORPORATION COMMISSION

     In this appeal, we consider whether the State Corporation Commission (SCC) has the authority to deduct a telecommunications company's Internet-related revenues when determining the gross receipts it certifies to the Virginia Department of Taxation (Department) pursuant to Code § 58.1-400.1.

                            Background

     Level 3 Communications, LLC (Level 3) filed several applications with the SCC for "review and correction of determination of gross receipts certified to the Department" (applications) regarding calendar year 2002 and several years thereafter. The applications sought correction of the SCC's certifications of Level 3's gross receipts for those years because the certified amounts included Internet-related revenues. The SCC concluded it did not have the authority to exclude such revenues from Level 3's certified gross receipts, and dismissed Level 3's applications as they related to the

inclusion of Internet-related revenues in Level 3's gross receipts.[1]  Level 3 appeals.

Level 3 is a telecommunications company with a network in Virginia providing wholesale Internet services to major Internet service providers.  This appeal consolidates four proceedings initiated by Level 3 in applications filed, pursuant to Code § 58.1-2674.1, to correct the amount of its gross receipts certified by the SCC to the Department.  In each of its applications, Level 3 asserted that the federal Internet Tax Freedom Act (ITFA), Pub. L. No. 105-277, §§ 1100 et seq., 112 Stat. 2681 (1998), reproduced at note to 47 U.S.C. § 151,[2]

---

[1] Level 3 and the SCC reached a settlement with respect to correcting the certifications for each year to reflect recalculation of the deductions from gross receipts provided by Code § 58.1-400.1(D)(2)(i)-(iii).  The recalculated deductions reduced the amounts of gross receipts certified to the Department for all four years.  The settlement did not extend to gross receipts related to Internet services.

[2] Section 1101 of the ITFA states:

(a) Moratorium.– No state or political subdivision thereof shall impose any of the following taxes during the period beginning October 1, 1998, and ending 3 years after the date of the enactment of this Act–

(1) taxes on Internet access, unless such tax was generally imposed and actually enforced prior to October 1, 1998; and
(2) multiple or discriminatory taxes on electronic commerce.

Pub. L. No. 105-277, 112 Stat. 2681-719 (1998).  Congress has extended the sunset provision on the ITFA to include all tax years relevant to this appeal. See Internet Tax Nondiscrimination Act, Pub. L. No. 107-75, 115 Stat. 703 (2001) (extending ITFA to November 1, 2003), Internet Tax Nondiscrimination Act, Pub. L. No. 108-435, 118 Stat. 2615 (2004) (extending ITFA to November 1, 2007), Internet Tax

proscribes state taxation of its Internet-related revenues. As a result, Level 3 argued that the SCC must exclude Internet-related revenues from its gross receipts certified to the Department for purposes of the Department computing the company's potential minimum tax liability.

The SCC assigned Level 3's applications to a hearing examiner. The SCC Staff (Staff) filed a motion to dismiss in part, contending that the SCC did not have jurisdiction to determine the issues raised in Level 3's applications.

The Department filed a motion to join the Staff's motion to dismiss Level 3's applications. The Department asserted that the SCC is part of the "remedial scheme" envisioned by the applicable law and is an "indispensable party" with exclusive authority to calculate gross receipts. The Department also sought dismissal, with prejudice, claiming the ITFA does not require the exclusion of Internet-related revenues from gross receipts, and that the Department has no "independent authority to audit or modify the 'gross receipts' amount certified to it" by the SCC.

After hearing oral argument, the hearing examiner agreed to suspend the proceeding to allow Level 3 to pursue a ruling by the Department regarding whether revenue generated by providing

Freedom Act Amendments Act of 2007, Pub. L. No. 110-108, 121 Stat. 1024 (2007) (extending ITFA to November 1, 2014).

Internet access should be included in gross receipts subject to a minimum tax. However, the Department declined to issue a ruling prior to "the conclusion of the case pending with the SCC regarding calendar years 2002 [tax years 2003] and thereafter."

After the Department declined to issue a ruling, on September 3, 2008 the hearing examiner filed a report determining that the SCC has no authority to exclude Internet-related revenues from gross receipts it is statutorily obligated to report to the Department.

The SCC issued an opinion after considering the hearing examiner's recommendation, noting that its relevant role, as defined by statute, is limited to certifying the telecommunications company's gross receipts to the Department. The SCC concluded that because the relevant statutes define gross receipts and do not empower the SCC to establish deductions from gross receipts not enumerated in the statutes, the ITFA does not reach the SCC's function under Virginia law, and the ITFA does not impact the SCC's duties because the SCC makes no determination of tax liability and imposes no tax.

The SCC entered a final order dismissing Level 3's applications to the extent it sought exclusion of Internet-related revenues from the SCC gross receipts certifications sent to the Department. The SCC specifically stated that it did not reach any issue regarding the Department's exercise of its power

4

to collect taxes or remedies available to a taxpayer that seeks to challenge the levy of such taxes.

Analysis

Level 3 argues that the SCC incorrectly determined that it does not have authority to determine whether its Internet-related revenues should be excluded from the gross receipts certified to the Department.  Specifically, Level 3 argues that the SCC misconstrued the scope of its duty under Virginia law and, as a result, incorrectly determined that the ITFA does not reach the SCC's function.

The SCC responds that its "duty under Virginia law [is] to collect information on gross receipts; to determine that the deductions provided by Virginia law have been properly taken; and to provide that information to the Department of Taxation." Therefore, because the ITFA limits state and local taxation, and taxation is outside the scope of the SCC's duty, the SCC argues that the ITFA does not address the SCC's duty.  We agree.

Because the issues in this appeal involve strictly questions of law, this Court reviews de novo whether the SCC properly construed the applicable statutes.  Piedmont Envtl. Council v. Virginia Elec. & Power Co., 278 Va. 553, 563, 684 S.E.2d 805, 810 (2009).  Under Virginia tax law, telecommunications companies are subject to either a corporate income tax on income from Virginia sources or to a minimum tax

5

on gross receipts.  Code §§ 58.1-400, -400.1.  A telecommunications company pays the minimum tax only when its regular corporate income tax liability is less than the minimum tax.  Code § 58.1-400.1(A).  The minimum tax is imposed at a rate of 0.5% of the telecommunications company's gross receipts.  Id.  The Department determines whether a telecommunications company is subject to the minimum tax.  See Virginia Cellular LLC v. Virginia Dep't of Taxation, 276 Va. 486, 489, 666 S.E.2d 374, 375 (2008).

Code § 58.1-400.1 assigns the SCC the limited function of certifying telecommunications companies' gross receipts to the Department for the purpose of determining the minimum tax.  Pursuant to Code § 58.1-2628(A), telecommunications companies file a statement of their gross receipts with the SCC.  The SCC then certifies to the Department the names, addresses and gross receipts for each telecommunications company.  Code § 58.1-400.1(C).

The General Assembly has defined "gross receipts" as "all revenue from business done within the Commonwealth, including the proportionate part of interstate revenue attributable to the Commonwealth if such inclusion will result in annual gross receipts exceeding $5 million."  Code § 58.1-400.1(D).  Code § 58.1-400.1 specifies what the SCC must include in, and what the SCC may exclude from, the certified gross receipts.  Code

6

§ 58.1-400.1 enumerates two specific deductions, but it does not authorize the SCC to deduct Internet-related revenues from gross receipts. After allowing the two specified deductions, if applicable, the SCC is required by statute to certify the remaining revenue amount as the company's gross receipts. The SCC has no other relevant function aside from providing copies of the certifications to the telecommunications companies.

If a telecommunications company disagrees with the SCC's certification of gross receipts, the company may apply to the SCC for review and correction of the certification within 18 months of the date of the certification to the Department. Code § 58.1-2674.1. If the SCC finds that the certification is incorrect, it shall correct the certification sent to the Department. Id. Level 3 timely filed its applications with the SCC to contest certifications for the relevant tax years.

Level 3 maintains that the gross receipts the SCC certified to the Department are incorrect because the SCC erroneously included Level 3's Internet-related revenues in its gross receipts. Level 3 argues that although the calculation and imposition of tax is the Department's responsibility, the amount of minimum tax liability depends entirely on the amount of gross receipts certified by the SCC. Level 3 contends that the ITFA reaches the SCC's function and the SCC must consider its impact because the SCC's actions in performing the certification have a

7

proximate, direct and substantive impact on the taxability of reported gross receipts.

"The Constitution of Virginia and statutes enacted by the General Assembly thereunder give the [SCC] broad, general and extensive powers in the control and regulation of a public service corporation." Northern Virginia Elec. Coop. v. Virginia Elec. & Power Co., 265 Va. 363, 368, 576 S.E.2d 741, 743 (2003). However, "[t]he SCC's regulatory jurisdiction is not plenary." Potomac Elec. Power Co. v. State Corp. Comm'n, 221 Va. 632, 636, 272 S.E.2d 214, 216 (1980). "The [SCC] is the creation of the Constitution and has no inherent power. All of its jurisdiction is [either] conferred . . . by the Constitution or is derived from statutes which do not contravene the Constitution." City of Richmond v. Chesapeake & Potomac Telephone Co., 127 Va. 612, 619, 105 S.E. 127, 129 (1920). The SCC must adhere to statutory language and cannot allow a deduction not recognized in the Code. Commonwealth v. Washington Gas Light Co., 221 Va. 315, 323, 269 S.E.2d 820, 825 (1980) ("Had the General Assembly intended to grant such authority, it could have done so expressly.").

The SCC is bound by the plain meaning of Code § 58.1-400.1. See VYVX of Va., Inc. v. Cassell, 258 Va. 276, 292, 519 S.E.2d 124, 132 (1999). " 'Where the legislature has used words of a plain and definite import the courts cannot put upon them a

8

construction which amounts to holding the legislature did not mean what it has actually expressed.' " <u>Halifax Corp. v. First Union Nat'l Bank</u>, 262 Va. 91, 100, 546 S.E.2d 696, 702 (2001) (quoting <u>Watkins v. Hall</u>, 161 Va. 924, 930, 172 S.E. 445, 447 (1934)); see also <u>Arogas, Inc. v. Frederick Cnty. Bd. of Zoning Appeals</u>, 280 Va. 221, 228, 698 S.E.2d 908, 912 (2010).

The General Assembly has expressly indicated what is to be included in a telecommunications company's gross receipts certified to the Department, and the SCC's function in this regard is limited to providing certifications to the Department and to the telecommunications companies.  The SCC cannot rewrite tax statutes; the SCC must administer the tax statutes as enacted.  See <u>Washington Gas Light Co.</u>, 221 Va. at 323, 269 S.E.2d at 825 (finding SCC not authorized to exempt particular receipts from gross receipts taxes).  The SCC does not have the authority to create additional categories of deductions for Internet-related revenues.

The ITFA prevents states from imposing a tax on Internet access revenues or applying multiple or discriminatory taxes on electronic commerce.  The General Assembly has assigned the responsibility for imposing the relevant taxes to the Department, not the SCC.  The SCC does not impose or apply any tax liability under the income tax or minimum tax structures for telecommunications companies.  Because the SCC does not impose

9

any tax, the ITFA does not reach the SCC's function under Virginia law.

As a result, the SCC properly declined to allow a deduction for Internet-related revenues that the General Assembly did not provide in the gross receipts statute.  To allow for such a deduction would have required the SCC to exceed its statutory authority.[3]

Accordingly, for the reasons stated, we will affirm the SCC's order.

<u>Affirmed.</u>

---

[3] Level 3 also assigns error to the fact that the SCC's rulings inappropriately deny Level 3 any remedy with respect to its applications to exclude Internet-related revenues.  Level 3 argues that if this Court accepts the SCC's rulings then Level 3 will have no state agency forum from which to obtain a determination of its liability for a tax imposed by Virginia law.  Level 3's argument ignores the statutory remedies provided by Code § 58.1-1821 (permitting a taxpayer assessed with tax administered by the Department to apply for relief to the Commissioner within 90 days of the assessment) and Code § 58.1-1825 (allowing any taxpayer aggrieved with a tax administered by the Department to apply to a circuit court for relief).  Second, assuming *arguendo* that Level 3 is correct and the statutory scheme does not provide Level 3 a remedy, this Court cannot rewrite the Code to provide a remedy.  See <u>Virginia Cellular</u>, 276 Va. at 490, 666 S.E.2d at 376 ("It is the Court's duty to construe the law as written in the Virginia Code.").

10