# CIRCUIT COURT OF THE CITY OF RICHMOND

Wendy's International, Inc.

v.

Virginia Department of Taxation

March 29, 2012

Case No. CL09-3757

By Judge Melvin R. Hughes, Jr.

In this corporate income tax dispute between a corporate taxpayer and the Virginia Department of Taxation, the parties' cross-motions for summary judgment are before the court for resolution. The corporate taxpayer, Wendy's, a national franchise restaurant chain, seeks a refund of income tax paid for the years beginning January 1, 2004, to 2007. The Tax Department rejected the request, and the case is here for review under applicable provisions to correct an erroneous tax assessment under Va. Code §§ 58.1-1825 and 58.1-1826.

Unlike Federal tax law, Virginia tax law does not allow taxpayers, including corporate ones, deductions for certain intangible expenses and costs. Virginia tax law, under Va. Code § 58.1-402(B)(8)(a), requires an add-back to taxable income of:

> the amount of any intangible expenses and costs directly or indirectly paid, accrued, or incurred to or in connection directly or indirectly with one or more direct or indirect transactions with one or more related members to the extent such expenses and costs were deductible or deducted in computing federal taxable income for Virginia purposes.

This is to prevent the taxpayer from expensing fees paid to a holding company set up to hold the taxpayer's intangible personal property, such as patents and trademarks.

Virginia tax law goes on to allow an exception to this add-back requirement codified in Va. Code § 58.1-402(B)(8)(a)(2) where:

[t]he related member derives at least one-third of its gross revenues from the licensing of intangible property to parties who are not related members, and the transaction giving rise to the expenses and costs between the corporation and the related member was made at rates and terms comparable to the rates and terms of agreements that the related member has entered into with parties who are not related members for the licensing of intangible property.

The parties stipulate that Scioto Insurance Company, formed by Wendy's to insure various Wendy's liability and property damage risks, formed Oldemark, L.L.C., which is a disregarded entity for federal income tax purposes. As such, Oldemark's income and deductions flow through to Scioto. Oldemark owns Wendy's trademarks and tradenames. Pursuant to an Agreement between Wendy's and Oldemark, Oldemark allowed Wendy's a license to use trademarks, etc. and sub-license to related and unrelated companies at a royalty of three percent of gross sales of Wendy's restaurants. Under the Agreement, Wendy's, in turn, granted sub-licenses to restaurants owned by related and unrelated companies to use trademarks and Wendy's operating systems for four percent of the restaurants' gross sales. In turn, Wendy's paid Oldemark the three percent fee and added back in the tax years at issue 100 percent of the royalties paid and deducted on its federal income tax returns. In October 2007, Wendy's filed with the Virginia Department of Taxation the instant claim for refund. The court believes that Wendy's is entitled to the refund based on an interpretation of Va. Code § 58.1-402(B)(8)(a)(2) as a whole or on section (a)(2) standing alone.

As noted, the add-back provision provides that the addition to taxable income "shall not be required for any portion of the intangible expenses and costs if one of the following applies." The statute then goes on to list three exceptions, or "safe harbors" by which the add-back is not required, including section (B)(8)(a)(2) at issue here. Citing cases that state that tax laws should be construed in favor of the taxpayer and, alternatively, under the plain meaning rule, Wendy's urges that the add-back provision does not apply and the exceptions are allowed and thus a refund is due. The Department, on the other hand, argues that any assessment of a tax by the Department is *prima facie* correct under Va. Code § 58.1-205(1) and that otherwise Va. Code § 58.1-825(D) assigns the burden of proof to the taxpayer to show that the assessment is erroneous, which Wendy's cannot carry. Further, exemptions from taxes must be construed narrowly. Considering these positions and based on the stipulated facts, the question is whether Va. Code § 58.1-402(B)(8)(a)(2) requires a related member to have to directly license intangible property to a non-related member, as the Department contends, applies or whether the Statute applies where there is only an indirect connection between the related member and unrelated

member, as Wendy's urges. Based on statutory construction, the court thinks the latter, and thus Wendy's is entitled to the refund.

As noted, Wendy's position is, in part, based on the idea that the statutory framework presents an ambiguity, which based on construction rules, favor the taxpayer. However, the court cannot discern any ambiguity in the language employed. In such a case, the outcome can be determined by the plain meaning of the language for legislative intent. *Kozima v. Commonwealth*, 281 Va. 347, 349, 706 S.E.2d 860, 862 (2011) (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 223 Va. 96, 104, 639 S.E.2d 174, 178 (2007)).

Here, the parties agree that Wendy's granted sub-licenses to use Wendy's trademarks and operating systems to restaurants owned by related companies and unrelated franchises and thus required to pay Oldemark royalty fees under the Agreement. It is otherwise undisputed that Oldemark acquires at least one-third of its gross revenues from unrelated (non-affiliate) franchises as a conduit of the royalties paid by those franchises. In this context, the use of the word "derives" in section (a)(2) does not imply that the General Assembly intended only that the related entity, Oldemark, actually engage directly in licensing unrelated franchises. In other words, "derives," based on its common meaning, does not infer that Oldemark receive the royalties from direct licensing in order for Wendy's to qualify for the exception to the add-back. "[S]tatutes must be interpreted according to the language of the statutes; this is, the Court cannot read language into the statute that simply does not appear." *Cisco Systems, Inc. v. Thorsen, Tax Commissioner*, 68 Va. Cir. 385, 393 (2005). That meaning, ordinarily, encompasses the statute-referenced, "directly or indirectly," receipt of royalties paid to Oldemark by Wendy's, more than one-third of which were paid by unrelated franchises. No direct connection between the related member and the unrelated licensee is required. Thus, Wendy's is entitled to the exception because Oldemark derives at least one-third of its gross revenues from unrelated franchises as a result of Wendy's pass-through to Oldemark of the same proportion of royalties paid to Wendy's by related and unrelated members. This is at the same rates and terms comparable to license agreements with unrelated franchises.

At argument, Wendy's advanced that the exceptions under section (a)(2) apply because as read, Oldemark, as a "related member, derives" one-third of gross revenues from licensing to unrelated parties. Standing alone, section (a)(2), with the language employed, evinces the legislative intent to apply the exception without regard to the language in section (a) stating "costs directly or indirectly paid" or "in connection directly or indirectly with one or more direct or indirect transactions with one or more related members." This approach under the plain meaning rule applied to section (a)(2) gets to the same place, that the exception to the add-back should apply under this subsection. "If the language of a statute is clear and

unambiguous, this Court will not sustain a regulatory interpretation that is inconsistent with the statute." *Virginia Cellular, L.L.C. v. Virginia Dept. of Taxation*, 276 Va. 486, 492-3, 666 S.E.2d. 374, 377 (2008).

Accordingly, for the foregoing reasons, Wendy's will have summary judgment, and the Department's motion will be denied.