PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges Kelsey and Petty
Argued at Richmond, Virginia

ALAN NEFF

OPINION BY
v.     Record No. 1271-13-2          JUDGE D. ARTHUR KELSEY
                                     MAY 20, 2014

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Herbert C. Gill, Jr., Judge

Charles P. Phelps (The Law Offices of Charles P. Phelps,
P.C., on brief), for appellant.

Craig W. Stallard, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


The trial court convicted Alan Neff of being intoxicated in public in violation of Code

§ 18.2-388, and assault and battery of a police officer in violation of Code § 18.2-57(C).  Neff

appealed his assault conviction, but not his public-intoxication conviction.  He argues on appeal

that he had a right to assault the officer because the officer did not have probable cause to believe

Neff was intoxicated in public.  Finding this argument structurally flawed, we affirm.


I.

One evening in June 2012, police arrived at Neff's address in response to a call from

Neff's neighbors reporting that an intoxicated individual was "creating a disturbance."  App. at

22; see also Appellant's Br. at 3.  Neff was sitting on the front porch of the residence, which

included four apartments.  He spoke with slurred speech, had glassy eyes, and emitted a strong

odor of alcohol in his breath and about his person.  Neff told the officer that he had "had a couple

beers."  App. at 26.  The officer asked him to take a preliminary breath test "if he felt that he was

not intoxicated."  Id.  Neff then raised his voice, cursed at the officer, and became agitated.  The

officer arrested him for being intoxicated in public. During the arrest, Neff physically assaulted the arresting officer. The officer described Neff's conduct during the entire episode as being under the influence of alcohol.

Prior to trial on the charges of being intoxicated in public and assaulting an officer, Neff moved to suppress the evidence of his assault claiming that the arrest was "an unlawful seizure" under the Fourth Amendment. Id. at 6. The trial court denied the motion, heard the evidence on the merits, and convicted Neff of both charges.[1]

II.

On appeal, Neff does not challenge his public-intoxication conviction. He did not identify this charge on his notice of appeal, address it in his petition for appeal, or discuss it in his opening brief. In fact, Neff expressly concedes, "The conviction for public intoxication is not part of this appeal." Appellant's Br. at 2; see also Oral Argument Audio at 1:18 to 1:22. Instead, Neff challenges only his conviction for assaulting the police officer. In line with his argument in the trial court, Neff contends on appeal that the officer lacked "probable cause" to arrest him, Appellant's Br. at 5, and thus, Neff retained his common-law "right of an arrestee to use reasonable force to resist an unlawful arrest," id. at 6.[2]

---

[1] The trial court applied Crislip v. Commonwealth, 37 Va. App. 66, 554 S.E.2d 96 (2001), to determine that the porch was open to public view within the meaning of Code § 18.2-388.

[2] Neff framed this issue in the trial court as a motion to suppress. It is better understood, however, as a common-law affirmative defense on the merits to the assault charge, not as an application of the exclusionary rule. Under settled principles, "'if a person engages in new and distinct criminal acts' during an allegedly unlawful police encounter, 'the exclusionary rule does not apply, and evidence of the events constituting the new criminal activity, including testimony describing the defendant's own actions, is admissible.'" Testa v. Commonwealth, 55 Va. App. 275, 283, 685 S.E.2d 213, 216-17 (2009) (quoting Brown v. City of Danville, 44 Va. App. 586, 600, 606 S.E.2d 523, 530 (2004)); see also United States v. Sprinkle, 106 F.3d 613, 619 (4th Cir. 1997) (holding that the exclusionary rule is inapplicable to "a new, distinct crime" occurring during an allegedly unlawful detention (internal quotation marks omitted)).

Given the manner in which he presents it to us, Neff's argument is fatally flawed. Neff was *convicted* of being intoxicated in public after being found guilty beyond a reasonable doubt, and Neff did not appeal that conviction. "The unchallenged finding of the trial court is now the law of the case and binding on the parties for purposes of appeal." Today Homes, Inc. v. Williams, 272 Va. 462, 470, 634 S.E.2d 737, 742 (2006); see also Bd. of Supervisors v. Stickley, 263 Va. 1, 6, 556 S.E.2d 748, 751 (2002).[3]

Probable cause, of course, is far less demanding than the reasonable-doubt standard. See generally Tizon v. Commonwealth, 60 Va. App. 1, 16, 723 S.E.2d 260, 267 (2012) (noting that probable cause does not "demand any showing that such a belief be more correct or more likely true than false" (internal quotation marks omitted)); Powell v. Commonwealth, 57 Va. App. 329, 335, 701 S.E.2d 831, 833 (2010) (explaining that "finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the probable-cause decision" (alteration and internal quotation marks omitted)).

In this case, the trial court's finding of guilt rests exclusively on the officer's testimony of his observations of Neff prior to and during the course of the arrest. See Oral Argument Audio at 7:10 to 7:17 (appellant's counsel acknowledging that "all the facts at the evidentiary hearing were the same facts at the . . . trial"). It necessarily follows that the officer had probable cause to arrest Neff for being intoxicated in public because the exact same fact pattern proved beyond a reasonable doubt that he was, indeed, intoxicated in public. That observation, standing alone,

---

[3] Accord Johnson v. Commonwealth, 45 Va. App. 113, 116, 609 S.E.2d 58, 60 (2005) (holding that "in situations in which there is one or more alternative holdings on an issue, the appellant's failure to address one of the holdings results in a waiver of any claim of error with respect to the court's decision on that issue" (internal quotation marks omitted)).

wholly undermines Neff's argument on appeal seeking a dismissal of his conviction for assaulting a police officer. See, e.g., Klaff v. Va. Ry. & Power Co., 120 Va. 347, 350, 91 S.E. 173, 174 (1917) (applying a "conclusive presumption of probable cause arising from the judgment of conviction"); Womack v. Circle, 73 Va. (32 Gratt.) 324, 341 (1879) (explaining that a "final judgment of conviction, from which there is no appeal, is conclusive evidence of probable cause").[4]

## III.

In short, because Neff's unappealed public-intoxication conviction conclusively establishes his guilt beyond a reasonable doubt, *a fortiori* it establishes the existence of probable cause justifying his arrest. We thus affirm his conviction for assaulting a police officer, a violation of Code § 18.2-57(C).

<u>Affirmed.</u>

---

[4] We can hypothesize cases in which facts unknown and unknowable to the arresting officer could put the issue of probable cause in play even though subsequently known facts presented at trial establish a defendant's guilt. But that is not the case here.