COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present: Judges Alston, McCullough and Senior Judge Clements
Argued at Richmond, Virginia


ZEQUEZ DEAAIRO JONES

OPINION BY
JUDGE STEPHEN R. McCULLOUGH
v.      Record No. 1019-14-2            OCTOBER 6, 2015

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Nathaniel A. Scaggs (Hill and Rainey Attorneys, on brief), for
appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Zequez Deaairo Jones challenges his conviction for reckless handling of a firearm. He

argues that the evidence failed to prove that the object in question was a firearm as contemplated by

Code § 18.2-56.1. We agree and reverse his conviction.

BACKGROUND

Sung-Il Lee, the manager of Short's Grocery, observed a group of young men enter the

store. The time was about 9:30 p.m., and it was dark outside. Lee recognized appellant because he

was one of the store's regular customers. One of the men took an item and walked out without

paying for it. Lee went outside and called out for the money. He was shining a "pretty powerful"

flashlight in the direction of the men.

Lee testified that appellant had a handgun. Lee was standing about twenty meters from

appellant. He said he was absolutely sure that it was a handgun. Lee also responded, "I don't

know" when asked if it was a "squirt gun." He then heard two or three loud gunshots. He did not

see a gun fire. He said he had heard gunshots before, and he knew that these were real gunshots. Lee could not see if any of the other men were carrying guns. Lee retreated to the inside of the store.

Appellant was charged with reckless handling of a firearm under Code § 18.2-56.1(A) and with possession of a firearm as a convicted felon under Code § 18.2-308.2. He moved to strike the evidence. The court granted the motion with regard to Code § 18.2-308.2 but denied it for the charge under Code § 18.2-56.1(A), and convicted appellant.[1]

ANALYSIS

Code § 18.2-56.1(A) provides that "[i]t shall be unlawful for any person to handle recklessly any firearm so as to endanger the life, limb or property of any person." The statute does not define the term "firearm." "Questions of statutory interpretation are reviewed *de novo*." Sarafin v. Commonwealth, 288 Va. 320, 325, 764 S.E.2d 71, 74 (2014).

Although Code § 18.2-308.2, prohibiting the possession of a firearm by a convicted felon, and Code § 18.2-53.1, forbidding the use of a firearm during the commission of a felony, each use the word "firearm," caselaw has defined the word differently for each statute. The Supreme Court explained the legislative intent animating the statute that prohibits the use of a firearm during the commission of a felony:

> "The purpose . . . is [not only] to deter violent criminal conduct . . . but also . . . to discourage criminal conduct that produces fear of physical harm. Such fear of harm results just as readily from employment of an instrument that gives the appearance of having a firing capability as from use of a weapon that actually has the capacity to shoot a projectile. The victim of a crime can be intimidated as much by a revolver that does not fire bullets as by one that does . . . ."

---

[1] In denying the first motion to strike, the trial court found that there existed a "different standard" for convictions under Code §§ 18.2-308.2 and 18.2-56.1. The court referenced an unpublished decision from this Court, Moore v. Commonwealth, No. 2755-95-3, 1996 Va. App. LEXIS 800 (Va. Ct. App. Dec. 31, 1996). The trial court denied the second motion to strike without elaboration.

Armstrong v. Commonwealth, 263 Va. 573, 582, 562 S.E.2d 139, 144 (2002) (quoting Holloman

v. Commonwealth, 221 Va. 196, 198, 269 S.E.2d 356, 358 (1980)). By contrast, the offense of

possessing a firearm as a convicted felon under Code § 18.2-308.2 "has no element of perception by

a victim that would warrant applying the same broad construction to the term 'firearm' in that

statute as is applicable to the same term in Code § 18.2-53.1." Id. at 583, 562 S.E.2d at 144.

Accordingly, an object is a "firearm" for purposes of Code § 18.2-308.2 if it is "an instrument

which was designed, made, and intended to expel a projectile by means of an explosion." Id. at 584,

562 S.E.2d at 145.

Appellant argues that we should employ the definition of "firearm" applicable to Code

§ 18.2-308.2 in assessing the sufficiency of the evidence for his conviction under Code

§ 18.2-56.1(A). By that definition, he argues, the evidence is insufficient to prove that he recklessly

handled such a "firearm."

> When interpreting statutes, courts "ascertain and give effect to the
> intention of the legislature." That intent is usually self-evident from
> the words used in the statute. Therefore, courts must apply the plain
> language of a statute unless the terms are ambiguous or applying the
> plain language would lead to an absurdity.

Va. Cellular LLC v. Va. Dep't of Taxation, 276 Va. 486, 490, 666 S.E.2d 374, 376 (2008) (quoting

Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)). Code

§ 18.2-56.1(A) prohibits the reckless handling of a firearm "so as to endanger the life, limb or

property of any person." The manifest purpose of Code § 18.2-56.1(A) is to prevent actual

endangerment, not the mere appearance of endangerment. Accordingly, we employ the same

definition of "firearm" under Code § 18.2-56.1(A) that applies to Code § 18.2-308.2, rather than the

broader standard that applies for prosecutions under Code § 18.2-53.1.[2]

---

[2] Armstrong also held that, with respect to Code § 18.2-308.2, "[i]t is not necessary that
the Commonwealth prove the instrument was 'operable,' 'capable' of being fired, or had the
'actual capacity to do serious harm.'" 263 Va. at 584, 562 S.E.2d at 145. Whether the

The Commonwealth contends that the evidence is sufficient to satisfy this definition of a firearm but admits that such a reading of the facts would mean that the trial court reached an inconsistent verdict. The trial court acquitted the defendant of possession of a firearm as a convicted felon, concluding that the respective statutes required "different standard[s]" of proof of a firearm. We have concluded that the definition of a "firearm" is the same under Code § 18.2-308.2 as it is under Code § 18.2-56.1(A). By acquitting the defendant of violating Code § 18.2-308.2, when the defendant's status as a felon was undisputed and where he possessed an object resembling a firearm, the trial court as factfinder rejected the only interpretation of the facts which would allow an appellate court to conclude that the facts supported a conviction under Code § 18.2-56.1(A). As an appellate court, "[w]e may not '"substitute our judgment for that of the trier of fact,"' nor may we 'reweigh the evidence,' because we have no authority 'to preside *de novo* over a second trial.'" Ervin v. Commonwealth, 57 Va. App. 495, 503, 704 S.E.2d 135, 138-39 (2011) (citations and quotation marks omitted). In addition, the Commonwealth's argument runs contrary to the basic legal precept that "a trial court may not render inconsistent verdicts in the guilt phase of a bench trial." Commonwealth v. Greer, 63 Va. App. 561, 570, 760 S.E.2d 132, 136 (2014).[3]

---

prosecution must prove that a "firearm" in a prosecution under Code § 18.2-56.1(A) must be operable or capable of being fired will depend on the facts of each case. As a general proposition, an inoperable firearm will not endanger the life, limb, or property of another. The statute, however, does not specify that the firearm must be operable or capable of being fired. Code § 18.2-56.1(A) simply requires that the firearm be handled in a reckless manner "so as to endanger the life, limb or property of any person."

[3] In contrast to bench trials, "it is permissible for juries to reach inconsistent verdicts." Ludwig v. Commonwealth, 52 Va. App. 1, 12, 660 S.E.2d 679, 684 (2008). Thus, in jury trials, as opposed to bench trials, "'the fact that verdicts may, on their face, arguably appear inconsistent does *not* provide a basis to reverse either conviction on appeal, provided the evidence is sufficient to support each verdict.'" Tyler v. Commonwealth, 21 Va. App. 702, 708, 467 S.E.2d 294, 297 (1996) (quoting Pugliese v. Commonwealth, 16 Va. App. 82, 96, 428 S.E.2d 16, 26 (1993)).

CONCLUSION

We reverse appellant's conviction for reckless handling of a firearm.

<u>Reversed and final judgment.</u>