COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff, Judges Petty and Beales
Argued by teleconference


JAMAL RYAN SUMNER

                                            MEMORANDUM OPINION* BY
v.        Record No. 0520-16-2              JUDGE WILLIAM G. PETTY
                                            MAY 23, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Jennifer M. Newman (Nancy M. Newman; Jennifer M. Newman,
Esq., P.C., on brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Jamal Ryan Sumner argues on appeal that the trial court erred in convicting him of

breaking and entering in violation of Code § 18.2-91[1] because there was insufficient evidence to

prove the elements of the crime. Because we find sufficient evidence to support each element of

the crime, we affirm the trial court's decision.

BACKGROUND

Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite below only those facts and

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Additionally, Sumner was found guilty of aggravated malicious wounding in violation
of Code § 18.2-51.2(A), assault and battery in violation of Code § 18.2-57, use of a firearm in
the commission of a felony in violation of Code § 18.2-53.1, and shooting into an occupied
dwelling in violation of Code § 18.2-279. Sumner did not challenge his conviction for assault
and battery, and this Court denied his petition for appeal of the other convictions.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"As an appellate court, '[w]e may not "substitute our judgment for that of the trier of fact," nor may we "reweigh the evidence," because we have no authority "to preside *de novo* over a second trial."'" Jones v. Commonwealth, 65 Va. App. 274, 279, 777 S.E.2d 229, 231 (2015) (alteration in original) (quoting Ervin v. Commonwealth, 57 Va. App. 495, 503, 704 S.E.2d 135, 138-39 (2011)). Accordingly, the facts on appeal are not "in dispute." Rather, "[u]nder well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party in the circuit court." Porter v. Commonwealth, 276 Va. 203, 215-16, 661 S.E.2d 415, 419 (2008). "Viewing the record through this evidentiary prism requires [the Court] to 'discard the evidence of the accused in conflict with that of the Commonwealth . . . .'" Bryant v. Commonwealth, 67 Va. App. 569, 579, 798 S.E.2d 459, ___ (2017) (quoting Cooper v. Commonwealth, 54 Va. App. 558, 562, 680 S.E.2d 361, 363 (2009)).

Sumner contacted K.T., his ex-girlfriend and the mother of his child, by text message. He then went to K.T.'s home. At the time, K.T. had a male houseguest and a female houseguest. Sumner pushed his way into the home, and the male houseguest pushed him back outside. While Sumner was outside, he fired several shots through the door, hitting the female houseguest. Sumner then reentered the house and battered the male houseguest, who was lying on the floor.

ANALYSIS

Code § 18.2-91 provides in pertinent part, "If any person commits any of the acts mentioned in Code § 18.2-90 . . . with intent to commit assault and battery, he shall be guilty of statutory burglary . . . ." Code § 18.2-90 provides that a person "shall be deemed guilty of statutory burglary" when that "person in the nighttime enters without breaking . . . or at any time

- 2 -

breaks and enters" a dwelling. Sumner argues the trial court erred in finding the evidence sufficient to support his conviction of statutory burglary because the Commonwealth did not prove:

> (1) That Sumner committed a breaking into the apartment; (2) That Sumner entered the apartment contrary to the will of [K.T.]; (3) that Sumner entered the apartment with the specific intent to commit a felony or assault and battery at the time he entered the home; (4) and that Sumner committed an overt act towards completing a felony or assault and battery.

"When considering the sufficiency of the evidence, we will only reverse when the trial court's judgment was plainly wrong or without evidence to support it." Brittle v. Commonwealth, 54 Va. App. 505, 511, 680 S.E.2d 335, 338 (2009). Further, a fact finder's resolution of conflicting facts, as well as competing inferences, receives "the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006); Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) ("The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented.").[2]

## I. SUMNER COMMITTED A BREAKING

Sumner first argues that the Commonwealth failed to show there had been a "breaking."[3]

> To establish a breaking for the purposes of burglary, the Commonwealth need only "show the application of some force, slight though it may be, whereby the entrance is [achieved].

---

[2] We note that the witnesses gave conflicting versions of the relevant events. The trial court made a factual finding that even though there were some conflicts in the testimony of the Commonwealth's witnesses, the Commonwealth's witnesses were more credible regarding the sequence of events than the defendant's witnesses.

[3] It is clear from the record that the burglary occurred in the nighttime. In such a case, Code § 18.2-91 only requires proof of an entry into the dwelling with the requisite intent. However, for some reason, not apparent from the record, the Commonwealth chose to indict Sumner for "breaking *and* entering" the dwelling. Accordingly, we will assume for purposes of this opinion that proof of a breaking was required to support a conviction.

> Merely pushing open a door . . . is sufficient to constitute this element of [burglary], so long as those acts resulted in an entrance contrary to the will of the occupier of the [property]."

Beck v. Commonwealth, 66 Va. App. 259, 269, 784 S.E.2d 310, 315 (2016) (quoting Finney v. Commonwealth, 277 Va. 83, 88, 671 S.E.2d 169, 172 (2009) (alterations in original)).

Here, testimony from the houseguests and K.T. showed Sumner did break and enter the dwelling. After Sumner had been pushed out of the house by the male houseguest, the door was partially closed behind him. Sumner fired several shots *through the door* into the dwelling. He then reentered the home through the partially closed door to attack the male houseguest.[4] The evidence supports the trial court's finding that Sumner committed a breaking when he entered through the partially closed front door.

## II. SUMNER DID NOT HAVE K.T.'S CONSENT TO ENTER

Sumner argues that the Commonwealth did not prove he entered the dwelling without K.T.'s consent. "'The presence of consent is a factual question to be determined by the trier of fact' based on the totality of the circumstances, and we reverse a trial court's decision regarding the presence of consent only when it is plainly wrong." Hawkins v. Commonwealth, 65 Va. App. 101, 107, 774 S.E.2d 492, 495 (2015) (quoting Jean-Laurent v. Commonwealth, 34 Va. App. 74, 79, 538 S.E.2d 316, 318 (2000)).

Here, although Sumner argues that K.T. gave consent for him to enter the dwelling when he first arrived, he does not argue from the evidence that K.T. gave him consent to enter the home the second time, after he had fired into the dwelling. The door was at least partially closed when Sumner fired several shots through the door. Sumner did not produce evidence that K.T. gave consent for his reentry into the home. On the contrary, K.T., who was called as a defense

---

[4] Although no one actually testified that Sumner pushed the door open to reenter, that he must have done so is a fair inference the trial court could draw from the testimony that the door was not completely shut because a shoe was in the way and that Sumner fired through the door.

witness, testified during cross-examination that she and the female houseguest were trying to close the door after the male houseguest pushed Sumner outside. K.T. testified that she struggled to get the door closed because a shoe was caught in the doorway, preventing her from closing the door all the way. Accordingly, the court did not err in rejecting Sumner's argument that K.T. gave Sumner consent to re-enter her home.

### III. SUMNER INTENDED TO COMMIT ASSAULT AND BATTERY

Sumner next argues that the Commonwealth failed to show that he entered the dwelling with the intent to commit assault and battery. "Whether the required intent exists is generally a question of fact for the trier of fact." Becker v. Commonwealth, 64 Va. App. 481, 491, 769 S.E.2d 683, 688 (2015) (quoting Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977)). "Intent in fact is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances." Id. (quoting Abdo v. Commonwealth, 64 Va. App. 468, 475, 769 S.E.2d 677, 680 (2015)). "When an unlawful entry is made into a dwelling of another, the presumption is that the entry was made for an unlawful purpose, and the specific intent with which such entry was made may be inferred from the surrounding facts and circumstances." Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732.

Here, Sumner again focuses his argument on his first entry into the home. Regardless of whether there was the requisite intent shown for Sumner's first entry into the home, the evidence was sufficient to show his intent to commit assault and battery during his second entry. Sumner entered the home after firing shots through the door and immediately used his pistol to beat the male houseguest, who was curled defensively on the floor. The testimony here establishes that Sumner committed the battery and fled, not even stopping to tend to the wounded and bleeding female houseguest. The court may infer from the uninterrupted sequence of Sumner's second

entry, battery, and departure that Sumner's unlawful entry into the house was for the purpose of committing the assault and battery.

## IV. SUMNER COMMITTED AN OVERT ACT

Here, Sumner committed more than an overt act in furtherance of assault and battery; he actually committed the assault and battery. Sumner did not challenge his assault and battery conviction. It has therefore become the law of the case. See Neff v. Commonwealth, 63 Va. App. 413, 416, 758 S.E.2d 87, 88 (2014) ("The unchallenged finding of the trial court is now the law of the case and binding on the parties for purposes of appeal." (quoting Today Homes, Inc. v. Williams, 272 Va. 462, 470, 634 S.E.2d 737, 742 (2006))). His argument that he did not commit an overt act in furtherance of his intent to commit assault and battery is therefore without merit.

The trial court did not err in concluding that the evidence was sufficient to show Sumner entered the house during the nighttime with the intent to commit assault and battery. Accordingly, we affirm Sumner's conviction.

## CONCLUSION

Because the evidence was sufficient to prove beyond a reasonable doubt that Sumner committed statutory burglary, we affirm his conviction.

Affirmed.