UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Newport News, Virginia


ROGER BRIAN CLARKE, II, S/K/A
 ROGER BRIAN CLARKE, JR.

                               MEMORANDUM OPINION[*] BY
v.      Record No. 1574-16-1        JUDGE MARY BENNETT MALVEAUX
                                   DECEMBER 27, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John R. Doyle, III, Judge

Daniel P. McNamara for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Roger Brian Clarke, II ("appellant"), appeals from an order of the Circuit Court of the

City of Norfolk (the "trial court") revoking his probation.  He argues that the trial court erred in

finding that his probation officer had the authority, under the Code of Virginia, to impose sex

offender special instructions of probation on him.[1]  For the reasons that follow, we affirm the

judgment of the trial court.

I.  BACKGROUND

"For reasons analogous to those governing appellate review of records of criminal trials,

we will view the evidence received at the revocation hearing in the light most favorable to the

Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant assigned additional errors to the trial court in his petition for appeal, but this
Court did not grant the petition on those assignments of error.

may be properly drawn from it." Henderson v. Commonwealth, 285 Va. 318, 329, 736 S.E.2d 901, 907 (2013).

On March 4, 2005, the Circuit Court of the City of Suffolk convicted appellant of taking indecent liberties with a child while in a custodial relationship, in violation of Code § 18.2-370.1, forcible sodomy, in violation of Code § 18.2-67.1, and two counts of rape, in violation of Code § 18.2-61. In 2014, after appellant moved to a new address in Norfolk, he failed to reregister as a violent sex offender. Following a revocation hearing, the trial court convicted appellant of two counts of failure to reregister after being convicted of a sexually violent offense, second or subsequent offense, in violation of Code § 18.2-472.1. The trial court's April 2, 2015 sentencing order imposed a sentence of three years and six months' incarceration, with three years of incarceration suspended. The order also stipulated that appellant was to be placed on supervised probation for five years upon his release from custody.

On December 22, 2015, appellant came under the supervision of his probation officer, Donna Baker. Baker met with appellant and explained to him the terms of his probation. During the meeting, Baker provided appellant with a document entitled "Conditions of Probation Supervision," which appellant read and signed. The document made clear that appellant would be on supervised probation "subject to the conditions listed" and that appellant was subject to possible probation revocation for failure to comply with the stipulated conditions. Condition 6 provided that appellant would "follow the Probation . . . Officer's instructions and . . . be truthful, cooperative, and report as instructed."

Because of appellant's sex offender status, he was made subject to additional requirements. Baker provided appellant with a document entitled "Sex Offender Special Instructions of Parole / Probation / Post Release Supervision" (the "special instructions"), which appellant read and signed. The document made clear that "[p]ursuant to Condition #6 of

[appellant's] Conditions of Supervision," appellant was "to comply with the following . . . special instructions." A list of the special instructions followed.

On June 7, 2016, Baker filed a major probation violation report against appellant. In her report, Baker alleged that appellant violated Condition 6 of his conditions of probation supervision by violating seven of the special instructions.

On September 12, 2016, the trial court conducted a revocation hearing. When asked whether the special instructions were standard conditions that she gave to every sex offender, Baker replied that "[e]very sex offender on supervision in the state of Virginia per Department of Corrections is on those special instructions." The trial court then asked Baker "[w]hat triggers you to give the sex offender special instructions to someone under supervision?" Baker replied that the special instructions were given to "[a]ny convicted sex offender. . . . If there is a sex offense on his criminal history, he will be placed on sex offender special instructions." Baker noted that her office was responsible for supervising a number of probationers who were "on our caseloads . . . simply [for] failure to register as a sex offender, and they are also on the special instructions because they are a convicted sex offender."

Appellant argued that the special instructions "were not . . . for the probation office[r] to actually impose . . . . I understand that this is a blanket policy by the [Department of Corrections], but that doesn't make it a justifiable policy if these strictures . . . exceed . . . the authority of the probation office[r] . . . ." Appellant acknowledged that Code § 53.1-145 authorizes probation officers to impose some conditions on a supervised probationer, but maintained that that section also "limits the conditions" and that "none of those conditions [listed in the statute] are those that were placed upon [appellant]."

The trial court found that appellant had violated six of the special instructions and that "the Department of Probation and Parole would have the authority to impose [the special

instructions] on a probationer. . . .  [T]hat the Department . . . has the authority to do those things

I think is given in their inherent authority."  The trial court revoked appellant's probation and

imposed two concurrent three-year terms of incarceration on his previously suspended sentences.

This appeal followed.

## II.  ANALYSIS

"To the extent that appellant's assignment of error raises a question of statutory

interpretation, that question is reviewed *de novo* on appeal."  Jacobs v. Commonwealth, 61

Va. App. 529, 535, 738 S.E.2d 519, 522 (2013).  "The evidence is considered in the light most

favorable to the Commonwealth, as the prevailing party below."  Id.

On appeal, appellant argues that the trial court erred in finding that his probation officer

had the authority, under the Code of Virginia, to impose the special instructions upon him.  He

notes the extensive powers of trial courts to impose conditions of probation,[2] and contrasts those

powers with the more limited authority of probation officers to impose conditions.  Appellant

maintains that the authority of probation officers to impose conditions upon probationers is

derived from Code § 53.1-145, and thus, "if a probation officer is authorized to impose a

condition, such authority will be found in that article."  While acknowledging that probation

officers "do possess some inherent autonomy to supervise probationers efficiently and

effectively," and "should be allowed some latitude in the way that they monitor reintegration of

---

[2] See Code § 19.2-303 (authorizing trial courts to "place . . . defendant[s] on probation under such conditions as the court shall determine").  However, our courts have recognized that such powers are not unlimited.  For example, the conditions of probation must be reasonable, and trial courts may not delegate to probation officers responsibilities that are the sole province of the trial courts.  See, e.g., Murry v. Commonwealth, 288 Va. 117, 122, 762 S.E.2d 573, 576 (2014) ("The only statutory limitation on the court's exercise of its discretion is 'one of reasonableness.'" (quoting Anderson v. Commonwealth, 256 Va. 580, 585, 507 S.E.2d 339, 341 (1998))); Wilson v. Commonwealth, 67 Va. App. 82, 89, 793 S.E.2d 15, 18-19 (2016) (holding that the trial court improperly delegated determination of the amount of defendant's restitution to a probation officer, where Code § 19.2-305.2 made clear that the determination was the sole province of the trial court).

- 4 -

offenders into society," appellant argues that Code § 53.1-145 authorizes probation officers only to do two things. First, the statute authorizes them to "[s]upervise and assist all persons within [their] territory placed on probation." Code § 53.1-145(2). Second, the statute authorizes probation officers to order and conduct, in their discretion, drug and alcohol screening tests of probationers whom they have reason to believe are using drugs or abusing alcohol. Code § 53.1-145(6). Based upon a review of the applicable statutory scheme, we disagree.

"When interpreting statutes, courts 'ascertain and give effect to the intention of the legislature.'" Jones v. Commonwealth, 65 Va. App. 274, 278, 777 S.E.2d 229, 230 (2015) (quoting Va. Cellular LLC v. Va. Dep't of Taxation, 276 Va. 486, 490, 666 S.E.2d 374, 376 (2008)). "That intent is usually self-evident from the words used in the statute. Therefore, courts must apply the plain language of a statute unless the terms are ambiguous or applying the plain language would lead to an absurdity." Id. at 278, 777 S.E.2d at 230-31.

Code § 53.1-145, entitled "Powers and duties of probation and parole officers," provides in pertinent part that in addition to other powers and duties prescribed by Article 2, Chapter 4, Title 53.1 of the Code, probation officers shall "[s]upervise and assist all persons within [their] territory placed on probation." Code § 53.1-145(2). Further, they shall "furnish every such person with a written statement of the conditions of his probation and instruct him therein." Id. Probation officers shall also "perform other duties as may be required of [them] by the Director [of the Department of Corrections] or by regulations prescribed by the Board of Corrections." Code § 53.1-145(5).

Further, Code § 53.1-10(3) provides that the director of the Department of Corrections has the power and duty to "develop and implement such programs as may be necessary to carry out the provisions" of Title 53 of the Code, which governs prisons and other methods of correction. The director is also instructed to "[d]irect and supervise the work of all probation and

parole officers," Code § 53.1-140(1), and to "[c]arry or cause to be carried into effect all orders of the [State] Board [of Corrections] and all rules and regulations adopted by it pursuant to the provisions of this article[,]" Code § 53.1-140(2).

Read together, these statutes grant the Department of Corrections the authority to develop and implement regulations governing its supervision of probationers, in order to accomplish the well-established goals of probation: "to 'reform' the offender" and "restore[] to a useful place in society an offender who is a good social risk." Dossola v. Commonwealth, 37 Va. App. 444, 448, 559 S.E.2d 385, 387 (2002) (first quoting Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992); then quoting Slayton v. Commonwealth, 185 Va. 357, 366, 38 S.E.2d 479, 483 (1946)). However, because "the Commonwealth [also] has the legitimate concern that a probationer is more likely to engage in criminal activities than an ordinary citizen," appropriate "probation conditions and supervision are necessary to ensure both that probation 'serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large.'" Murry v. Commonwealth, 288 Va. 117, 127, 762 S.E.2d 573, 579 (2014) (quoting Griffin v. Wis., 483 U.S. 868, 875 (1987)). The concern for public safety "is heightened when, as here, a probationer is a sex offender." Id. The statutory scheme for probation insures that both the Department of Corrections and its probation officers, who are best positioned to determine what conditions and restrictions will effectively accomplish these goals, will have the flexibility they need to set appropriate conditions for the individual probationer.[3]

---

[3] Our Court has previously recognized that the General Assembly has provided probation officers, under Code § 53.1-145, with the responsibility for setting parameters for a probationer's conduct. In Miller v. Commonwealth, 25 Va. App. 727, 492 S.E.2d 482 (1997), we considered the scope of a probation officer's authority and responsibility in the context of a probationer's reliance on the officer's guidance about what constituted lawful conduct for him. We noted that probation officers are "charged by the Commonwealth with responsibility for defining [a probationer's] permissible conduct . . . . The legislature grant[s] . . . probation officer[s] supervisory responsibility for [a probationer's] conduct and treatment during the course of his probation, see Code § 53.1-145, including the responsibility for arresting him for a violation of

In the instant case, appellant's probation officer imposed the special instructions on appellant as per Department of Corrections policy. She testified that imposition of the special instructions was not discretionary on her part and that "[e]very sex offender on supervision in the state of Virginia per Department of Corrections is on those special instructions." She further testified that the special instructions were given to "[a]ny convicted sex offender" and that if there is a sex offense in a probationer's criminal history, they "will be placed on sex offender special instructions." In accordance with this policy, and her supervisory duties under Code § 53.1-145, Baker imposed the special instructions on appellant and presented him with a written copy of the special instructions.

Here, appellant's probation officer imposed the special instructions of probation as part of her statutorily mandated responsibility to "perform . . . duties . . . required of [her]" by Department of Corrections policy. See Code § 53.1-145. She also complied with the statutory requirement that she furnish appellant with a written statement of the conditions of probation imposed by the special instructions. In doing so, she acted within her authority under the Code. Consequently, the trial court did not err in finding that there was authority under the Code for the imposition of the special instructions.

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

---

his probation." Id. at 743-44, 492 S.E.2d at 491, cited with approval in Pierce v. Commonwealth, 48 Va. App. 660, 667, 663 S.E.2d 755, 758 (2006).